IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. LUNDEEN, SR., | ) | CASE NO.: 1:12-cv-03111 |
| | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiff, | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KRISTA TOOLE, et al., | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

## Introduction

Plaintiff James Lundeen, pro se, has filed suit against Special Agent (SA) Krista Toole of the Federal Bureau of Investigations (FBI). (Doc. 15 at 1). Plaintiff alleges, inter alia, that SA Toole has publically defamed him through the use of statements that are false, or through due diligence would be discovered to be false, which were used in her affidavit to secure a search warrant of Plaintiff's property at 118 East Perry Street, Port Clinton, Ohio. Id. Plaintiff alleges that the defamatory statements were published on November 30, 2012 with the unsealing of the search warrant affidavit. Id. The United States of America filed a Motion to Substitute itself in place of Defendant Toole as to Lundeen's defamation claim pursuant to 28 U.S.C. § 2679(d). (Doc. 28 at 1). For the reasons that follow, the United States' Motion is hereby GRANTED.

## Background

On August 29, 2013, the United States filed a Motion to Substitute the United States for Defendant Krista Toole with respect to any common law tort claims, namely defamation. Id. In

1

its Motion, the United States relies primarily on statutory authority found in 28 U.S.C. § 2679 to assert that the section provides the exclusive remedy of civil actions for tort and statutory damage claims against a federal employee. (Doc. 28 at 2). Pursuant to § 2679(d), the United States attached a Certification by Steven Dettelbach, the United States Attorney for the Northern District of Ohio, determining that Defendant Toole acted within the scope of her federal employment and duties at the time of the alleged incident in the Complaint. (Ex. A). The United States further contends that a suit against a federal employee determined to be acting within her scope of employment should be deemed an action against the United States which necessitates substitution of Defendants under §2679(d). (Doc. 28 at 2).

In his Response Memorandum In Opposition, Plaintiff Lundeen asserts that a certification of scope of employment by a United States Attorney is prima facie evidence subject to a challenge by the opposing party and judicial review. Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995). Lundeen further asserts that whether an employee was acting within the scope of her employment is a question of the state law where the alleged incident occurred, Ohio. Borneman v. United States, 213 F.3d 819, 827 (4th Cir. 2000). Lundeen argues that such a determination requires a factual hearing to go beyond what is stated in the pleadings. Osborn v. Haley, 549 U.S. 225 (2007). For review in the hearing, Lundeen raises factual issues including,

> [W]hether SA Toole included a false and fabricated statement, pertaining to an alleged professional sanction by Medicaid in 2004, which was "published" when the seal was lifted from the search warrant affidavit on November 30, 2012; whether SA Toole included a false and fabricated statement, similarly published, pertaining to the alleged nonexistence of a patient chart of a former employee of Lundeen's; whether SA Toole used an outdated, stale and biased statistical analysis from early 2011 in her application for the November 2012 search warrant . . . .

Id. (numbering omitted). Plaintiff assures the Court that he is prepared to present evidence to rebut Defendant Toole's false and fabricated statements in an evidentiary hearing. Id. at 5. Finally, Plaintiff makes a distinction between affirmative misrepresentations and omissions of

2

exculpatory evidence, finding the former the more severe offense. See Mays v. City of Dayton, 134 F.3d 809 (6th Cir. 1998).

In its Reply, the United States asserts that Plaintiff Lundeen has not come forward with specific facts challenging the United States Attorney's Certification or that SA Toole was acting within the scope of her employment duties as a matter of law. (Doc. 36 at 2). The United States concludes that Plaintiff Lundeen has failed to adequately challenge prima facie evidence that Defendant Toole acted within her scope of her employment and that Lundeen's own allegations confirm the same. Id. at 6.

## Law and Analysis

Parties are correct in finding that 28 U.S.C. § 2679(b)(1) provides the exclusive "remedy for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment." (Doc. 31 at 2). Additionally, certification by the United States Attorney that a federal employee Defendant acted within the scope of her employment at the time of an alleged incident shall deem any suit arising out of those circumstances as against the United States. § 2679(d)(1). However, the Attorney General's certification was designed by Congress to be conclusive as to removal of the action to federal court, but not for substitution purposes. Gutierrez, 515 U.S. at 432 (1995). Such certifications are subject to judicial review when the certification is employed for substitution. Id. at 434.

A certification by the Attorney General is prima facie evidence that a federal employee was acting within the scope of employment. Singleton v. United States, 277 F.3d 864, 870 (6th

Cir. 2002); RMI Titanium Co. v. Westinghouse Elec. Co., 78 F.3d 1125, 1143 (6th Cir. 1996). Whether an employee acted within her scope of employment is a matter of law, specifically state law where the alleged incident occurred. RMI, 78 F.3d at 1143. Scope of employment issues concern the alleged actions and whether those actions diverge from the relationship between employer and employee. Singleton, 277 F.3d at 871. The wrongful nature of an alleged act is of no consequence to this type of analysis. Id. However, any disputed issue of fact necessary to the Court's decision must be resolved before entering its order. Id. at 870.

Under Ohio law, "an employee acts within the scope of employment if the employee acts within his authority during the course of employment even though acting intentionally or maliciously." RMI, 78 F.3d at 1143. If a tort is alleged to be intentional, the behavior underlying that tort must be "calculated to facilitate or promote the business for which the servant was employed." Byrd v. Farber, 57 Ohio St. 3d 56, 58 (1991). Conduct initiated, at least in part, to further or promote the master's business is within the scope of employment. Martin v. Cent. Ohio Transit Auth., 590 N.E. 2d 411, 417 (Ohio Ct. App. 1990).

The issue becomes whether Defendant Toole's alleged acts were those customarily performed by a federal agent. Turley v. United States, 503 F.Supp.2d 912, 916 (N.D. Ohio 2007). Plaintiff has conceded that negating the scope of employment is a question of law. (Doc. 31 at 3). A challenge to certification mandates Plaintiff Lundeen to come forward with evidence demonstrating that Defendant Toole acted outside the scope of her employment. Singleton, 277 F.3d at 871. However, Plaintiff has not demonstrated why filing an affidavit to acquire a search warrant is outside the scope of her employment as an agent for the FBI. Instead, Lundeen focuses on arguing that the statements contained in the affidavit are false. (Doc. 31 at 4). Toole

submitting false or misleading information in an affidavit, even if true, is in the course of acquiring a search warrant which, as a matter of law, consists in the scope of Toole's employment. Turley, 503 F.Supp.2d at 917. No evidentiary hearing is necessary. RMI, 78 F.3d at 1143. Consequently, as Toole was acting within the scope of her employment, the defamation claim is considered a claim against the United States. § 2679(d)(1). The Motion to Substitute the United States for Krista Toole as Defendant in regard to Plaintiff Lundeen's defamation claim is GRANTED.

## Conclusion

For the foregoing reasons, the United States' Motion to Substitute, (Doc. 28), is GRANTED.

**IT IS SO ORDERED**

s/ Kenneth S. McHargh<br>Kenneth S. McHargh<br>United States Magistrate Judge

Date: October 11, 2013