UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. LUNDEEN, Sr.,           )  1:12CV3111
                                 )
            Plaintiff            )
                                 )
        v.                       )  JUDGE CHRISTOPHER BOYKO
                                 )  (Mag. Judge Kenneth S. Mchargh)
                                 )
KRISTA TOOLE,                    )
                                 )
                                 )
            Defendant            )  REPORT AND
                                 )  RECOMMENDATION


McHARGH, MAG. JUDGE

        The plaintiff James E. Lundeen, Sr., ("Lundeen") filed a complaint against

defendant Krista Toole ("Toole") on Dec. 27, 2012.  (Doc. 1.)  Lundeen later filed an

Amended Complaint against Toole.  (Doc. 15.)

        In the amended complaint, among other allegations, Lundeen alleges that

Toole, an FBI agent, under color of Law, violated his First and Fourth Amendment

rights, defamed him, signed an affidavit containing egregious false statements for

the purpose of obtaining a search warrant, and conducted a search and seizure

based on that warrant (obtained under false pretenses).  (Doc. 15, at 13-14.)

Additionally, Toole violated his First and Fourth Amendment rights, and defamed

him, by permitting items thus seized to be released to the Ohio Bureau of Workers'

Compensation.  *Id.* at 14-15.

The court subsequently granted a motion to substitute the United States of America as a party defendant on the defamation claim.  (Doc. 28, 44.)

Currently before the Court are Motions to Dismiss filed by Defendant Toole and Defendant United States. (Docs. 29, 30). Plaintiff Lundeen has filed Responses to both Motions. (Docs. 32, 42). Defendant Toole has filed a Reply to Lundeen's Response. (Doc. 43). For the following reasons, the undersigned recommends that the Motions to Dismiss be GRANTED.

## I. Introduction

Lundeen filed this action against Defendant Toole, a Special Agent for the Federal Bureau of Investigation ("FBI"), in her official and individual capacities. (Doc. 15 at 23). In his amended complaint, Lundeen alleges that Defendant Toole publicly defamed him and violated his First and Fourth Amendment rights. (*Id.*). All three claims are based on alleged false statements contained in and omissions lacking from a sworn affidavit signed by Defendant Toole which she utilized to secure a search warrant of Lundeen's property at 118 East Perry Street, Port Clinton, Ohio. (*Id.* at 1, 5). Plaintiff Lundeen seeks compensatory damages and injunctive relief. (*Id.* at 23).

2

## II. Background

Defendant Toole's application indicates that a warrant was sought to acquire evidence of the crimes of healthcare fraud, under 18 U.S.C. § 1347, and possession with intent to distribute a controlled substance, under 21 U.S.C. 841(a)(1). (30-1 Ex. A at 1). Toole's allegedly false affidavit contains analyses of Plaintiff Lundeen's billing practices, prescriptions, and patient volumes; results of two previously executed search warrants on Lundeen's offices in Plymouth and Portsmouth, Ohio; and a compilation of interviews of patients, past and present employees, and professional associates. (Doc. 30-1 at 3). Plaintiff alleges that the analysis contained in the affidavit is flawed. (Doc. 15 at 9). Moreover, he alleges that the false statements contained in the affidavit mischaracterize the nature of his medical practice and his medical background. (*Id.* at 10, 17). Additionally, Lundeen asserts that Toole failed to disclose that James Perry, whose statements appear in the affidavit, was convicted of child rape and had reason to provide false statements against Lundeen. (*Id.* at 19). Plaintiff Lundeen contends that without the knowingly false statements in Toole's affidavit, no probable cause could have been demonstrated to a Magistrate for issuance of a search warrant. (*Id.* at 21).

Plaintiff asserts a state law claim of defamation per se against Defendant Toole pursuant to Ohio Revised Code § 2739.01. (*Id.* at 16). Plaintiff purports that Defendant Toole publicly defamed him by filing the affidavit containing false statements and omissions to secure a search warrant for his property on November

27, 2012. (*Id.*). The alleged false statements were published with the unsealing of the search warrant on November 30, 2012. (*Id.* at 1). In response to Plaintiff's allegations, the United States filed a motion to substitute itself for Toole as Defendant regarding the defamation claim. (Doc. 28 at 1). Pursuant to 28 U.S.C. §2679(d), the United States argued that a tort claim against a federal employee, who is determined to have been acting within the scope of her employment, shall be deemed an action against the United States and the United States should be substituted as a party defendant. (*Id.*) That motion has been granted. (Doc. 44).

Subsequently before the Court is Defendant United States' Motion to Dismiss Plaintiff's defamation claim for lack of subject matter jurisdiction according to Fed. R. Civ. P. 12(b)(1). (Doc.  29-1). In its Memorandum, Defendant United States asserts that the defamation claim should be dismissed because the United States has not waived its sovereign immunity. (*Id.* at 1). Moreover, Defendant requests that this Court dismiss Plaintiff's defamation claim with prejudice. (*Id.*) Plaintiff's Response, filed on September 3, 2013 (Doc. 32), was submitted prior to the Court's ruling on Defendant United States' motion to substitute. (Doc 44). As such, Plaintiff's Response holds that the 12(b)(1) Motion is premature and argues that the Court can stay the Motion until it becomes ripe or dismiss it outright. (Doc. 32 at 1). Further, Lundeen argues that a waiver of sovereign immunity is not necessary for the Court to grant him injunctive relief from future criminal investigation. (Doc. 15

at 23; Doc. 42 at 11). Defendant United States has not filed a reply; however, the

Motion is now ripe for consideration.

Plaintiff's remaining claims against Defendant Toole in both her individual

and official capacities are alleged violations of Plaintiff's First and Fourth

Amendment rights. (Doc. 15 at 23). Concerning the claims against Toole in her

official capacity, Plaintiff alleges that Defendant Toole,

> [A]cting "under color of law" in her official capacity violated his First and
> Fourth Amendment rights under the United States Constitution . . .
> knowingly or through willful ignorance, [Toole] authored and signed a sworn
> affidavit, filed said affidavit in the U.S. District Court of Ohio,  [which]
> contain[ed] numerous material, egregious false statements . . . , for [applying]
> for said search warrant, signing said application, filing said application [with
> the Court], for conducting and materially participating in the search and
> seizure once [the search warrant was obtained] under false pretenses, thus
> furthering the retaliation and violation of First [and Fourth] Amendment
> Rights [of] Plaintiff.

(Doc. 15 at 13-14). Defendant Toole's actions were allegedly in retaliation against

Plaintiff Lundeen for a previous suit he filed against another FBI agent in October

of 2011. (*Id.* at 1-2). These actions purportedly violated Lundeen's First Amendment

rights to petition the government for redress of grievances and to free speech. (*Id.*).

Moreover, as the search warrant was issued on alleged falsities, Lundeen argues

that the subsequent search and seizure based on such was unreasonable and

violated his Fourth Amendment rights. (*Id.* at 2). Plaintiff makes the same claims

against Defendant Toole in her individual capacity with the only difference being

5

relief sought; compensatory damages and costs for individual capacity claims and permanent injunction for the official capacity claims. (*Id.* at 23).

In her Motion to Dismiss, Defendant Toole asserts that Plaintiff's official capacity claims against her should be dismissed under Fed. R. Civ. P. 12(b)(1). (Doc. 30-1 at 2). The Court lacks subject matter jurisdiction, she argues, because a claim against a federal employee in her official capacity is a claim against the United States, which has not waived its sovereign immunity. (*Id.* at 18). Defendant Toole's Motion argues for a dual-standard that the Court can utilize in assessing subject matter jurisdiction. (Doc. 30-1 at 5). She argues that a challenge to jurisdiction can be facial, where a court must accept the allegations in the complaint as true and construe them in a light most favorable to Plaintiff, or a challenge can be factual and allow a court to look to evidence outside the pleadings to resolve a factual dispute. (*Id.*). Though not expressly stated, it appears that Toole treats her Motion as a facial challenge; arguing that the sovereign immunity of the United States has not been waived. (*Id.* at 19). In his Response, Plaintiff argues that Toole's challenge is factual and "thus this Court may consider any evidence properly before it." (Doc. 42 at 8). The Court will address these arguments below.

Plaintiff Lundeen alleges identical First and Fourth Amendment claims against Toole in her individual capacity. (Doc. 15 at 23). Defendant Toole argues against these individual capacity claims in her Motion pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 30-1 at 1). Toole purports that both the First and Fourth Amendment claims are barred as she is entitled to qualified immunity. (*Id.*). She argues that

6

Plaintiff's Fourth Amendment claim should be dismissed as he has not alleged sufficient facts to demonstrate a constitutional violation. (*Id.* at 8). Further, Toole argues that Lundeen's First Amendment claim fails because there is no clearly established right to be free from retaliatory investigation or, in the alternative, that a general First Amendment retaliation claim fails as a matter of law. (*Id.*). Toole requests that the Court dismiss Lundeen's claims with prejudice. (Doc. 30-1 at viii).

In his Response, Plaintiff Lundeen supplements the amended complaint with an affidavit in an attempt to clarify the plausibility of his Fourth and First Amendment allegations. (Doc. 42 at 13–19). Toole's Reply argues that Lundeen admittedly added "information and facts beyond the scope of Lundeen's amended complaint." (Doc. 43 at 3). Toole argues that Lundeen cannot amend his complaint with a response to a motion to dismiss. (*Id.*). Toole requests that this Court disregard the additional allegations set forth in Lundeen's Response; however, Toole argues her Motion to Dismiss should be granted regardless of the inclusion of the additional allegations. (*Id.*) The Court will now address the foregoing arguments.

### III. Law and Analysis

### A. United States' Fed. R. Civ. P. 12(b)(1) Motion

A Motion under Fed. R. Civ. P. 12(b)(1) is a motion to dismiss for lack of subject matter jurisdiction. The party seeking relief in federal court bears the burden of establishing subject matter jurisdiction. Cheetham v. Comm'r of Soc. Sec.,

No. 1:10-CV-84, 2010 WL 3515804, at *1 (N.D. Ohio Jul. 30, 2010) (citing Thomson v. Gaskill, 315 U.S. 442, 446 (1942)). Under 28 U.S.C. § 1346(b)(1), federal district courts have exclusive jurisdiction over civil actions against the United States for claims pursuant to the Federal Tort Claims Act ("FTCA"). Singleton v. United States, 277 F.3d 864, 872 (6th Cir. 2002). Moreover, 28 U.S.C. § 2679(b)(1) provides that the FTCA is the exclusive remedy for tort and statutory damages against the United States. See Levin v. United States, 133 S.Ct. 1224, 1229 (2013). However, whether a common law tort claim against the United States is actionable depends on the government's consent to be sued through waiver of its sovereign immunity. Stewart v. United States Dept. of Veteran's Affairs, No. 1:13-CV-494, 2013 WL 4758034, at *3 (N.D. Ohio Sept. 4, 2013) (citing United States v. Sherwood, 312 U.S. 584, 590–91 (1941)).

Sovereign immunity shields the federal government and its agencies from suit, absent a waiver. FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988)). Without an express waiver by the United States, a court will not have subject matter jurisdiction to hear the suit. FDIC, 510 U.S. at 475 (citations omitted). The FTCA expressly waives the United States' sovereign immunity with respect to tort claims under 28 U.S.C. § 2674, but makes exceptions for certain torts, such as defamation. See 28 U.S.C. § 2680(h); Singleton, 277 F.3d at 872. Since the United States has not expressly waived its sovereign immunity with respect to Plaintiff Lundeen's defamation claim, this Court lacks subject

matter jurisdiction to hear the claim. Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction should be GRANTED.

## B. Defendant Toole's 12(b)(1) Motion

A suit against a federal agent in her official capacity is another way of pleading an action against the entity which the agent represents. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Constitutional tort claims against FBI agents in their official capacity are understood as claims against the United States. Bohne v. Erie Cnty. Sheriff's Dept., No. 3:98-CV-7643, 1999 WL 690188, at *3, 4 (N.D. Ohio Aug. 26, 1999); See Ghandi v. Police Dept. of Detroit, 747 F.2d 338, 342-43 (6th Cir. 1984). "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess." Alkire v. Irving, 330 F.3d 802, 811 (6th Cir. 2003) (quoting Kentucky, 473 U.S. at 167). Unless it consents to be sued, the United States is entitled to sovereign immunity. United States v. Dalm, 494 U.S. 596, 608 (1990) (citations omitted).

A "Bivens action" allows for a civil rights claim to be brought against a federal official which is analogous to claims against state officials under 42 U.S.C. § 1983. Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010). In the case of official capacity claims, however, the United States cannot be sued for a "Bivens-type action" because it has not expressly waived its sovereign immunity for such a claim. Nuclear Transp. & Storage, Inc. v. United States, 890 F.2d 1348, 1352 (6th Cir.

1989) (citation omitted). Even accepting the allegations in the complaint as true and construing them in a light most favorable to Plaintiff Lundeen, the First and Fourth Amendment claims against Defendant Toole in her official capacity cannot withstand dismissal for a lack of subject matter jurisdiction. United States v. A.D. Roe Co., 186 F.3d 717, 721-22 (6th Cir. 1999). Consequently, Defendant Toole's subject matter jurisdiction challenge to Plaintiff's official capacity claims is properly a facial one. Id. No further factual inquiry beyond the allegations contained in the complaint is necessary. Id. at 722. Defendant Toole's Motion to Dismiss for lack of subject matter jurisdiction should be GRANTED.

## C. Defendant Toole's 12(b)(6) Motion

A motion made pursuant to Fed. R. Civ. P. 12(b)(6) is a motion to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires more than the simple possibility that the defendant acted unlawfully. Ashcroft, 556 U.S. at 678. Naked assertions in a complaint, without further factual enhancements, do not establish plausible claims entitled to relief. Twombly, 550 U.S. at 557. A conclusory recital of the elements of an offense will not do. Id. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but

10

it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft, 556 U.S. at 678. (quoting Fed. R. Civ. P. 8(a)(2)).

### 1. Qualified Immunity for Plaintiff's Fourth Amendment Claim

In her Motion, Defendant Toole argues that she is entitled to qualified immunity as Plaintiff Lundeen's complaint fails to allege sufficient facts to support a claim that Toole intentionally, or recklessly, made material false statements or omissions in support of the search warrant application, or that the warrant would lack probable cause if the allegedly false statements were removed and the omissions added to the affidavit. (Doc. 30-1 at 8).

Defendant Toole notes that her affidavit containing the alleged falsehoods is attached to her Motion as Exhibit A. (Doc. 30 at n.2). "If 'matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999) (internal citations omitted). However, conversion of the motion is not required where the document is referred to in the complaint and is central to the plaintiff's claims. Id.; see, e.g., Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997); see also Smith v. Bd. of Trustees, 746 F.Supp.2d 877, 890 (N.D. Ohio 2010) (citing Greenberg, 117 F.3d at 514).  Plaintiff Lundeen states that the Amended Complaint pertains to the sworn statements contained in the affidavit.

11

(Doc. 15 at 5). This Court has also noted the importance of the affidavit to Plaintiff's allegations. (Doc. 45 at 4). The affidavit is considered by the Court without converting Defendant Toole's Motion to Dismiss to one for summary judgment. See Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2080 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Courts should exercise discretion in determining which of the two prongs of qualified immunity analysis should be addressed first based on the case at hand. Pearson v. Callahan, 555 U.S. 223, 236 (2009). Since it is immunity from suit rather than a defense to liability, a claim of qualified immunity should be resolved at the earliest possible stage of litigation. Id. at 231-32 (internal quotations and citations omitted). The burden is on the plaintiff to show that the defendants are not entitled to qualified immunity. Hunt v. City of Toledo Law Dept., 881 F.Supp.2d 854, 868 (N.D. Ohio 2012) (citing Untalan v. City of Lorain, 430 F.3d 312, 314 (6th Cir. 2005)).

A court is required to find a constitutional violation to deny defendants qualified immunity. Estate of Smithers ex rel. v. City of Flint, 602 F.3d 758, 767 n.9 (6th Cir. 2010); see also Siegert v. Gilley, 500 U.S. 226, 232 (1991) ("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination

of whether the plaintiff has asserted a violation of a constitutional right at all."). If a court determines that sufficient probable cause existed for a search warrant to issue, no Fourth Amendment violation would be present. Mays v. City of Dayton, 134 F.3d 809, 813 (6th Cir. 1998). If the complaint fails this first prong, qualified immunity will shield Toole from civil damages. Wilson v. Trumbull Cnty., No. 4:12-cv-02163, 2013 WL 5820276, at *5 (N.D. Ohio Oct. 29, 2013) (citing Martin v. City of Broadview Heights, 712 F.3d 951, 957 (6th Cir. 2013)).

Defendant Toole's defense to Lundeen's Fourth Amendment claim necessarily hinges on her search warrant affidavit. In order to challenge the veracity of an affidavit, a plaintiff must show that "'a false statement knowingly and intentionally or with reckless disregard for the truth, was included by the affiant in the warrant affidavit', and that the allegedly false statement was necessary for a finding of probable cause." Mays, 134 F.3d at 815 (quoting Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). Purportedly material omissions from an affidavit are also subject to a *Franks* inquiry. United States v. Atkin, 107 F.3d 1213, 1217 (6th Cir. 1997). However, an omission is less likely to raise a question of impermissible conduct by the affiant because alleging omission would lead to "endless conjecture" about pieces of information which, if included, would have benefitted Plaintiff. Id. (citations omitted).

Defendant Toole argues that the false statements and omissions alleged by Lundeen fail because his allegations are wholly conclusory. (Doc. 30-1 at 10). The Complaint alleges, "[f]alse statements for the search warrant pertain to Ohio

13

Medicaid and to certain named former employees of Lundeen and related statements pertaining to these employees, as well as to the statistical analysis." (Doc. 15 at 11). Allegations of falsehood must be accompanied by an offer of proof, pointing to specific portions of the affidavit, and a statement of supporting reasons. See Franks, 438 U.S. at 171. These allegations fail to make a proper showing as required under *Franks* to challenge Defendant's affidavit. Id. at 155-56. Such allegations do not reach the threshold of factual plausibility which would entitle Plaintiff to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Plaintiff Lundeen's specific factual allegations fail to pass the second prong of *Franks* as immaterial to a determination of probable cause. Probable cause exists where there are "reasonable grounds for belief . . . that evidence of a crime will be located on the premises of the proposed search." United States v. Jackson, 470 F.3d 299, 306 (6th Cir. 2006) (citations omitted). Plaintiff specifically alleged that he is not merely a general practitioner, but also a pharmaceutical expert, journal reviewer, and patent-holder of a drug-free method for pain treatment. (Doc. 15 at 16.) Further, Plaintiff has specifically identified the affidavit's omission of the criminal history of James Perry and his termination by Lundeen which Plaintiff argues motivated Perry to provide false statements. (*Id.* at 19). However, neither of these allegations repudiate a determination of probable cause from the affidavit in regard to the crimes of healthcare fraud or possession with intent to distribute a controlled substance. (30-1 Ex. A at 1).

14

As the alleged omissions were not necessary for finding probable cause, no further inquiry is necessary. Mays v. City of Dayton, 134 F3d. 809, 815 (6th Cir. 1998). If probable cause existed for the search warrant to issue, no Fourth Amendment violation exists. Id. at 814-15. A court's after-the-fact scrutiny of an affidavit should not take the form of a de novo review; a magistrate's determination of probable cause is entitled to great deference by a reviewing court. Illinois v. Gates, 462 U.S. 213, 236 (1983). Accordingly, Plaintiff has failed to allege sufficient facts to demonstrate that Defendant Toole is not entitled to qualified immunity. Martin v. City of Broadview Heights, 712 F.3d 951, 957 (6th Cir. 2013). Defendant Toole's Motion to Dismiss Plaintiff's Fourth Amendment claim against her in her individual capacity should be GRANTED.

### 2. Qualified Immunity for Plaintiff's First Amendment Claim

Lundeen's First Amendment claim is properly understood as an assertion of the right to be free from retaliatory investigation. (Doc. 15 at 15, 20). The law is well-settled that the First Amendment generally prohibits a government official from subjecting an individual to retaliatory actions. Hartman v. Moore, 547 U.S. 250, 256 (2006) (citing Crawford-El v. Britton, 523 U.S. 574, 592 (1998)). Elements of a successful First Amendment retaliation claim are: "(1) [the plaintiff] engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of "ordinary firmness from continuing to engage in that conduct," and (3) "the adverse action was motivated at least in part by the [plaintiff's]

15

protected conduct." Hill v. Lappin, 630 F.3d 468, 472 (6th Cir. 2010) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). The elements of a First Amendment retaliation claim remain the same, but "whether activity is 'protected' or an action is 'adverse' will depend on context." Thaddeus-X, 175 F.3d at 388. Retaliatory motivation is lacking where the defendant can demonstrate that she would have taken the same action in the absence of the allegedly protected activity. Id. at 399.

Plaintiff has not sufficiently demonstrated that the Johnson complaint was a motivating factor for Defendant Toole's actions. See Adair v. Charter Cnty. Of Wayne, 452 F.3d 482, 492 (6th Cir. 2006); see also Hartman, 547 U.S. at 259 (requiring a plaintiff to prove a causal connection between animus and injury). The Complaint acknowledges that the FBI had been investigating Lundeen for "nearly two years". (Doc. 15 at 7). As part of an on-going investigation, Toole would likely have taken the same actions in the absence of the Johnson complaint. Burda Bros., Inc. v. Walsh, 22 F. App'x 423, 432-33 (6th Cir. 2001) (observing that plaintiffs could not show that the enforcement actions would not have occurred but-for the defendants' intent to obstruct the plaintiffs' First Amendment right). Moreover, the Complaint is devoid of any assertion that Toole had personal knowledge of the Johnson complaint. Without this information, Toole would not have been able to act with the requisite retaliatory purpose. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

16

Therefore, Plaintiff Lundeen's claim fails to satisfy the elements of First Amendment retaliation. Adair, 452 F.3d at 494. Since the alleged facts do not make out a constitutional violation, Defendant Toole is entitled to qualified immunity. Martin v. City of Broadview Heights, 712 F.3d 951, 957 (6th Cir. 2013) ("[B]oth [prongs of qualified immunity ] must be answered in the affirmative for the case to go to a factfinder to decide if [the agent's] conduct in the particular circumstances violated a plaintiff's clearly established constitutional rights."). Defendant Toole's Motion to Dismiss Plaintiff Lundeen's First Amendment claim should be GRANTED.

## IV. Injunctive Relief from Investigation

Plaintiff Lundeen's prayer for relief, contained in the amended complaint, requests permanent injunctive relief from further investigation of his medical practice. (Doc.15, at 23).  A court is prohibited from granting injunctive relief that would amount to a civil proceeding rendering a decision on the validity of a pending criminal indictment or prosecution. Traficant v. United States, No. 4:02-cv-188, 2002 WL 553724, at *3-4 (N.D. Ohio Feb. 1, 2002) (discussing *Deaver v. Seymour*, 822 F.2d 66 (D.C. Cir. 1987), and other cases).  This rationale applies to "Bivens actions." Robinson v. Jones, 142 F.3d 905, 906 (6th Cir. 1998). Lundeen's complaint is not the "appropriate vehicle" for challenging the validity of future criminal investigations against him. See Traficant v. United States, No. 4:02-cv-188, 2002 WL 553724, at *3 (N.D. Ohio Feb. 1, 2002) (quoting Heck v. Humphrey, 512, U.S.

17

477, 486 (1994)). Therefore, Lundeen's request for permanent injunctive relief from future criminal investigations should be DENIED.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Court GRANT the Motions to Dismiss Submitted by Defendant United States (Doc. 30) and Defendant Toole (Doc. 29) with prejudice.


Dated:   Nov. 21, 2013                    /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).