**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES E. LUNDEEN, SR.,** | ) | **CASE NO. 1:12CV3111** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **KRISTA TOOLE,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Report and Recommendation of the Magistrate Judge (ECF DKT #46), recommending that the Court grant the Motions to Dismiss of Defendants Krista Toole and United States of America (ECF DKT#29,30). For the following reasons, the Court ADOPTS Magistrate Judge McHargh's Report and Recommendation and grants the Motions to Dismiss.

## BACKGROUND

On December 27, 2012, Plaintiff filed a Complaint alleging that Defendant Toole, an FBI agent, under color of Law, violated his First and Fourth Amendment rights, defamed him, signed an affidavit containing egregious false statements for the purpose of obtaining a search warrant, and conducted a search and seizure based on that warrant

(obtained under false pretenses). Additionally, Plaintiff alleged that Toole defamed him by permitting items thus seized to be released to the Ohio Bureau of Workers' Compensation. Toole's allegedly false affidavit contains analyses of Plaintiff's billing practices, prescriptions, and patient volumes; results of two previously executed search warrants on Plaintiff's offices in Plymouth and Portsmouth, Ohio; and a compilation of interviews of patients, past and present employees, and professional associates.

Plaintiff asserts a state law claim of defamation per se against Defendant Toole pursuant to Ohio Revised Code § 2739.01. Plaintiff purports that Defendant Toole publicly defamed him by filing the affidavit containing false statements and omissions to secure a search warrant for his property on November 27, 2012. The alleged false statements were published with the unsealing of the search warrant on November 30, 2012. In response to Plaintiff's allegations, the United States filed a Motion to Substitute the United States of America as Defendant regarding the defamation claim. Pursuant to 28 U.S.C. §2679(d), the United States argued that a tort claim against a federal employee, who is determined to have been acting within the scope of her employment, shall be deemed an action against the United States and the United States should be substituted as a party defendant. The Motion was granted.

In the Report and Recommendation, the Magistrate Judge addressed Defendant's Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(b)(6). A Motion under Fed. R. Civ. P. 12(b)(1) is a motion to dismiss for lack of subject matter jurisdiction. A motion made pursuant to Fed. R. Civ. P. 12(b)(6) is a motion to dismiss for failure to state a claim upon which relief can be granted.

Plaintiff filed a Response Memorandum in Opposition to Magistrate's Report and Recommendation that fails to identify any error of fact or law, and therefore, the Court will not review the Magistrate Judge's factual or legal conclusions.

The Magistrate Judge determined that Plaintiff's First and Fourth Amendment

claims against Defendant Toole in her official capacity cannot withstand dismissal for a lack of subject matter jurisdiction.  *United States v. A.D. Roe Co.*, 186 F.3d 717, 721-22 (6th Cir. 1999).  As such, Defendant Toole's subject matter jurisdiction challenge to Plaintiff's official capacity claims is properly a facial one.  *Id.*  No further factual inquiry beyond the allegations contained in the complaint is necessary.  *Id.* at 722.  The Court agrees and Defendant Toole's Motion to Dismiss for lack of subject matter jurisdiction is granted.

The Magistrate Judge also determined that Plaintiff has failed to allege sufficient facts to demonstrate that Defendant Toole is not entitled to qualified immunity, as she asserts.  *Martin v. City of Broadview Heights,* 712 F.3d 951, 957 (6th Cir. 2013).  Therefore, the Court agrees and Defendant Toole's Motion to Dismiss Plaintiff's Fourth Amendment claim against her in her individual capacity is granted.

Plaintiff's First Amendment claim is an assertion of the right to be free from retaliatory investigation.  The Magistrate Judge correctly concluded that a court is prohibited from granting injunctive relief that would amount to a civil proceeding rendering a decision on the validity of a pending criminal indictment or prosecution*.  Traficant v. United States*, No. 4:02-cv-188, 2002 WL 553724, at *3-4 (N.D. Ohio Feb. 1, 2002) (discussing *Deaver v. Seymour*, 822 F.2d 66 (D.C. Cir. 1987), and other cases).  The Court finds that Plaintiff's request for permanent injunctive relief from future criminal investigations is denied.

On December 5, 2013, Plaintiff filed Response Memorandum in Opposition to Magistrate's Report and Recommendation, which simply states "Lundeen does not agree with the Magistrate's R&R and hereby objects in a timely manner."

## **LAW AND ANALYSIS**

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection

is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950(6th Cir. 1981).  *In Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."  "A party may not file a general objection to the entirety of the magistrate's report."  *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

In the instant matter, Plaintiff makes no attempt to object to any specific issues of fact or law.  "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers, supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).  Plaintiff does not provide the Court with an outline of areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.

Plaintiff's submission simply recites his objection, but is the equivalent of an utter failure to object.

## **CONCLUSION**

The Court finds that the Magistrate Judge thoroughly reviewed Plaintiff's claims and Defendants' Motions to Dismiss,  and correctly applied the pertinent law.  The Court agrees with the Magistrate Judge's conclusions and GRANTS Defendants' Motions to Dismiss with prejudice.

**IT IS SO ORDERED.**

**DATE: 12/19/13**

                                     <u>s/Christopher A. Boyko</u>
                                     **CHRISTOPHER A. BOYKO**
                                     **United States District Judge**